IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:25-CR-42 (MTT) |
| | ) | |
| WAYNE HAFF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Defendant Wayne Haff is a convicted sex offender required to comply with the Sex Offender Registration and Notification Act ("SORNA"). ECF 49 at 2. The Government alleges Haff moved from Georgia to Pennsylvania without first notifying Georgia of his intent to change his residence, contrary to a regulation enacted by the Attorney General, 28 C.F.R. § 72.7(d) (2026), pursuant to SORNA. ECF 41 at 5, 9–10. Haff argues SORNA does not vest the Attorney General with authority to promulgate 28 C.F.R. § 72.7(d) and asks the Court to exclude argument that Haff violated SORNA by failing to notify Georgia that he was moving to Pennsylvania and terminating his Georgia residence before leaving the state. ECF 49; 88. For the following reasons, Haff's request is **DENIED**.

## I.    BACKGROUND

The superseding indictment states that Haff, "a person required to register under the Sex Offender Registration and Notification Act . . . traveled in interstate and foreign commerce, and knowingly failed to register and update a registration as a sex offender as required by [SORNA]," violating 18 U.S.C. § 2250(a). ECF 31. Haff pleaded not guilty, and in November 2025, the parties submitted proposed jury instructions. ECF 12;

22; 25. The Government requested the following instruction: "[I]f you find as a fact that the defendant left the residence listed in the sex offender registry, with no intention of returning, and knowingly failed to notify the registry of that fact, you must find him guilty." ECF 25 at 33. In support of this instruction, the Government cited 28 C.F.R. § 72.7(d). *Id.* at 34–35. Section 72.7(d) requires sex offenders "residing in a jurisdiction" to "inform that jurisdiction . . . if the sex offender will be commencing residence . . . in another jurisdiction" before "any termination of residence in that jurisdiction and prior to commencing residence . . . in the other jurisdiction." 28 C.F.R. § 72.7(d)(1). It also provides that sex offenders "who will be terminating residence . . . in a jurisdiction must so inform that jurisdiction . . . prior to the termination of residence." *Id.* § 72.7(d)(2). Haff objected to the proposed instruction, arguing SORNA does not require Haff to notify a departing jurisdiction of his intent to leave.[1] ECF 30 at 5–6. The Court ordered the parties to brief the issue, and a question of apparent first impression emerged: whether SORNA empowers the Attorney General to promulgate 28 C.F.R. § 72.7(d) and thus to impose criminal liability upon the violation of the regulation.[2]

---

[1] The Government has since amended the language of its proposed offense instruction, but still requests an instruction based on 28 C.F.R. § 72.7(d). ECF 78.

[2] The Court notes 28 C.F.R. § 72.7(d) served as a basis for criminal liability in *United States v. Fuertes*, No. 9:23-cr-80208 (S.D. Fla. Jan. 1, 23, 2024). ECF 27; 80. The district court touched upon a challenge to 28 C.F.R. § 72.7(d) under the non-delegation doctrine in an order denying the defendant's motion to dismiss the second superseding indictment. *Id.* at ECF 80 at 7. The court denied the motion but observed that the defendant offered "no other basis to challenge the Attorney General's authority to promulgate such rules." *Id.* Here, although the Court permitted Haff to submit a supplemental brief addressing the Attorney General's authority to promulgate 28 C.F.R. § 72.7(d), Haff does challenge § 72.7(d) under the non-delegation doctrine. Rather, Haff argues § 72.7(d) conflicts with SORNA's plain language and the Supreme Court's decision in *Nichols v. United States*, 578 U.S. 104 (2016). *See* ECF 49; 88. In other words, Haff argues SORNA does not authorize the Attorney General to promulgate § 72.7(d).

## II.      STANDARD

"The starting point for statutory interpretation is the language of the statute." *United States v. Dawson*, 64 F.4th 1227, 1236 (11th Cir. 2023). "[W]here 'the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.'" *United States v. Pirela Pirela*, 809 F.3d 1195, 1199 (11th Cir. 2015) (quoting *United States v. Browne,* 505 F.3d 1229, 1250 (11th Cir. 2007)). In addition, "[w]hen the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court under the [Administrative Procedure Act] is, as always, to independently interpret the statute and effectuate the will of Congress subject to constitutional limits." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395 (2024).

## III.      DISCUSSION

The Court begins with the text of the 18 U.S.C. § 2250, the statutory basis for Haff's criminal charge. Section 2250(a) provides:

(a) In general.—Whoever—

    (1)  is required to register under the Sex Offender Registration and Notification Act;

    (2) (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

    (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

    (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

The Government argues that Haff's alleged failure to notify Georgia before terminating his residence here and establishing residence in Pennsylvania, as required by 28 C.F.R. § 72.7(d) constitutes a "knowing failure to register or update a registration as required by SORNA within the meaning of § 2250(a)(3)."[3] ECF 41 at 15 (citation modified). But that is only true if SORNA textually authorizes and requires compliance with 28 C.F.R. § 72.7(d).[4] Two SORNA provisions inform the Court's analysis, 34 U.S.C. §§ 20913 and 20914. In *Nichols v. United States*, 578 U.S. 104 (2016), the Supreme Court held these provisions do not require a sex offender to notify a state of previous residence that he no longer resides there. Congress has since amended SORNA, however, and the Court considers §§ 20913 and 20914 as amended. The Court holds § 20914, as amended, authorizes the Attorney General to promulgate 28 C.F.R. § 72.7(d).

### A. *Nichols* and SORNA's Registration Requirements

34 U.S.C. § 20913 governs "[r]egistry requirements for sex offenders." Subsection (a) requires a sex offender to "register" and "keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and

---

[3] The Government also alleges Haff violated SORNA because he failed to properly register in Pennsylvania.

[4] "Congress may delegate the power to define by regulation what conduct is criminal so long as Congress makes the violation of regulations a criminal offense and fixes the punishment, and the regulations confine themselves within the field covered by the statute." *United States v. Brown*, 364 F.3d 1266, 1274 (11th Cir. 2004) (citation modified); *see also United States v. Grimaud*, 220 U.S. 506, 517 (1911). Thus, if SORNA textually authorizes and requires compliance with 28 C.F.R. § 72.7(d), the failure to comply with that regulation may constitute a "knowing[] fail[ure] to register or update a registration as required by [SORNA]," within the meaning of 18 U.S.C. § 2250(a)(3).

where the offender is a student." 34 U.S.C. § 20913(a). Subsection (c), "[k]eeping the registration current," provides:

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

34 U.S.C. § 20913(c).

Interpreting this language, the Supreme Court in *Nichols* held § 20913 does not require a sex offender to notify a former jurisdiction of residence that he no longer resides there.[5] 578 U.S. at 110. In *Nichols*, the Supreme Court considered whether SORNA required a sex offender to update his registration in Kansas once he departed the state to move to the Philippines. *Id.* at 107–08. The Court observed that subsection (c) required the defendant to "'appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of' his change of residence." *Id.* at 108 (quoting 42 U.S.C. § 16913(c)). Pursuant to subsection (a), the offender could appear in one of three possible jurisdictions: "'where the offender resides, where the offender is an employee, and where the offender is a student.'" *Id.* at 108–09 (quoting 42 U.S.C. § 16913(a)). The Court concluded that a person who moves from a former state of residence "no longer 'resides' (present tense)" there. *Id.* at 109. Consequently, once the defendant moved to the Philippines, "he was no longer required to appear in person in Kansas to update his registration, for Kansas was no longer a 'jurisdiction involved pursuant to subsection (a).'" *Id.* (quoting 42 U.S.C. § 16913(c)).

---

[5] When the Supreme Court decided *Nichols*, 34 U.S.C. §§ 20913 and 20914 were codified as 42 U.S.C. §§ 16913 and 16914.

In reaching this holding, the Supreme Court rejected the Government's argument that a separate SORNA provision, 34 U.S.C. § 20914(a), required post-departure notification. *Id.* at 110–11. Section 20914(a), "[i]nformation required in registration" states, "[t]he sex offender shall provide the following information to the appropriate official for inclusion the sex offender registry: . . . . (3) The address of each residence at which the sex offender resides or will reside." 34 U.S.C. § 20914(a)(3). In *Nichols*, the Government argued that the use of the future tense, "will reside," "shows that SORNA contemplates the possibility of an offender's updating his registration before actually moving." 578 U.S. at 110. The Supreme Court disagreed, explaining that § 20914(a) "merely lists the pieces of information that a sex offender must provide if and when he updates his registration," and that "it says nothing about whether the offender has an obligation to update his registration in the first place." *Id*. at 110–11.

### B.  34 U.S.C. § 20914 as Amended

*Nichols* is certainly pertinent to this Court's interpretation of SORNA's registration and updating requirements, particularly 34 U.S.C. § 20913. But Congress has amended SORNA to criminalize the type of conduct at issue in *Nichols*, and the Court must, of course, consider the statutory text as amended.[6] *See* International Megan's Law to Prevent Child Exploitation and Other Sexual Crimes Through Advanced Notification of Traveling Sex Offenders, Pub. L. 114–119, § 6(a) 130 Stat. 15 (2016). Relevant here, Congress amended § 20914 to add language addressing when an offender has an

---

[6] In *Nichols*, the Supreme Court recognized that Congress had "recently criminalized the knowing failure to provide information required by SORNA relating to intended travel in foreign commerce." 578 U.S. at 112 (citation modified); *see* 18 U.S.C. § 2250(b). Congress also amended § 20914(a) to require sex offenders to provide information concerning "anticipated dates and places of departure, arrival or return . . . ." *Nichols*, 578 U.S. at 112; 34 U.S.C. § 20914(a)(7). The parties in *Nichols* agreed that the new law would have captured the defendant's conduct. *Nichols*, 578 U.S. at 112.

obligation to update his registration. *Id.* Section 20914(c),"[t]ime and manner," provides: "A sex offender shall provide and update information required under subsection (a) . . . in conformity with any time and manner requirements prescribed by the Attorney General." *Id.*; 34 U.S.C. § 20914(c). Consequently, § 20914 is no longer silent as to when sex offenders must provide the information required in subsection (a): sex offenders must provide the information in conformity with any time and manner requirements prescribed by the Attorney General.

Notably, SORNA is filled with similar delegations. SORNA broadly provides, "[t]he Attorney General shall issue guidelines and regulations to interpret and implement this subchapter." 34 U.S.C. § 20912(b); *see United States v. Grant*, 2018 WL 4516008, at *8 (N.D. Ga. July 4, 2018), *report and recommendation adopted*, 2018 WL 4140870 (N.D. Ga. Aug. 30, 2018) (listing examples of SORNA's delegations). In addition, and of particular significance here, § 20914(a)(8) requires sex offenders to provide "[a]ny other information required by the Attorney General." 34 U.S.C. § 20914(a)(8). When paired with the time and manner provision in § 20914(c), subsection (a)(8) provides that the Attorney General may specify what information sex offenders shall provide for inclusion in the sex offender registry and set time and manner requirements for providing that information.

28 C.F.R. § 72.7(d) does just what § 20914(a)(8) and (c) permits. Section 72.7(d) requires that:

> (1) A sex offender residing in a jurisdiction must inform that jurisdiction (by whatever means the jurisdiction allows) if the sex offender will be commencing residence . . . in another jurisdiction or outside of the United States. The sex offender must so inform the jurisdiction in which he is residing prior to any termination of residence in that jurisdiction and prior to

> commencing residence . . . in the other jurisdiction or outside of the United States.
>
> (2) A sex offender who will be terminating residence . . . in a jurisdiction must so inform that jurisdiction (by whatever means the jurisdiction allows) prior to the termination of residence . . . in the jurisdiction.

28 C.F.R. § 72.7(d).

In other words, § 72.7(d) regulates the type of information sex offenders must provide for inclusion in the registry—that the "sex offender will be commencing residence . . . in another jurisdiction" or "will be terminating residence" in a jurisdiction—as permitted by § 20914(a)(8). And it regulates the timeframe for providing that information—"prior to any termination of residence in that jurisdiction and prior to commencing residence . . . in the other jurisdiction"— as permitted by § 20914(c). In sum, SORNA authorizes the Attorney General to promulgate § 72.7(d).

Haff argues § 72.7(d) conflicts with SORNA's text because the regulation requires post-departure notification, which *Nichols* foreclosed. ECF 49 at 9; 80 at 7. But § 72.7(d) requires sex offenders to notify "the jurisdiction in which he is residing *prior* to any termination of residence," not after terminating residence. 28 C.F.R. § 72.7(d)(1) (emphasis added). Thus, consistent with *Nichols*, § 72.7(d) pertains to keeping a registration current in the state in which the sex offender resides, which is a "jurisdiction involved." 578 U.S. at 109; *see also* 34 U.S.C. § 20913(a).

In addition, Haff contends, "if Congress intended SORNA to require sex offenders to update their registration in the departing jurisdiction, the statutory language would have reflected that requirement." ECF 49 at 10. The Supreme Court made the same point in *Nichols*. *See Nichols*, 578 U.S. at 109–10. The Supreme Court observed that SORNA's predecessor, the Jacob Wetterling Crimes Against Children and Sexually

Violent Offender Registration Act, 108, Stat. 2038, 42 U.S.C. § 14071 *et seq.*, (2000 ed.), directed states "to require a sex offender to report the change of address to the responsible agency *in the State the person is leaving*, and to comply with any registration requirement in the new State of residence." *See Nichols*, 578 U.S. at 106–07 (citation modified). "SORNA repealed this provision of the Wetterling Act" and instead enacted 34 U.S.C. § 20913(c), requiring sex offenders to notify a "jurisdiction involved" within three business days after each change of residence. *Id.* at 107. The Court explained, "Congress could have chosen to retain the language in the amended Wetterling Act," but it did not. *Id.* at 110. Consequently, "SORNA's plain text" did not require the defendant to "update his registration in Kansas once he no longer resided there." *Id.*

The difference between this case and *Nichols*, however, is SORNA's plain text as amended. Again, Congress amended SORNA to criminalize the type of conduct at issue in *Nichols*. *Id.* at 112. In doing so, Congress enacted § 20914(c), requiring sex offenders to comply with any time and manner requirements promulgated by the Attorney General. *See* 34 U.S.C. § 20914(c). 28 C.F.R. § 72.7(d) does only what Congress authorized the Attorney General to do: specify the information to be included in the sex offender registry pursuant to § 20914(a)(8) and set time and manner requirements for providing that information pursuant to § 20914(c).

Haff also argues the Attorney General cannot impose a pre-departure notification requirement under § 20914 because a defendant only violates SORNA after travel in

interstate commerce.[7] ECF 49 at 8. To be sure, the Government must prove all elements of 18 U.S.C. § 2250(a) for a jury to find Haff guilty, including whether Haff traveled "in interstate or foreign commerce." 18 U.S.C. § 2250(a)(2)(B). The question presently before the Court is whether SORNA authorizes the Attorney General to promulgate 28 C.F.R. § 72.7(d). It plainly does. Whether the Government can establish an interstate commerce nexus to Haff's alleged failure to comply with a pre-departure update requirement is another question, and it is not yet before the Court.

## IV.     CONCLUSION

Given the plain text of 34 U.S.C. § 20914 as amended, SORNA authorizes the Attorney General to promulgate 28 C.F.R. § 72.7(d). Accordingly, Haff's request to exclude a theory of criminal liability based on 28 C.F.R. § 72.7(d) at trial is **DENIED**.

**SO ORDERED**, this 12th day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[7] 18 U.S.C. § 2250(a)(2) may be satisfied upon a showing that a defendant traveled "in interstate or foreign commerce," but it may also be satisfied where a defendant is a sex offender "by reason of a conviction under Federal law." 18 U.S.C. § 2250(a)(2)(A), (B).